KERMIT WAYNE DUKE

*v.*

STATE OF TENNESSEE.

366 S.W.2d 913.

(*Nashville,* December Term, 1962.)

Opinion filed April 16, 1963.

CHARLES GALBREATH, Public Defender, Nashville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, LYLE REID, Assistant Attorney General, Nashville, for the State.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff in error was indicted for dispensing and possessing narcotic drugs in violation of sec. 52-1303, T.C.A., and was convicted of possessing narcotic drugs and sentenced to pay a fine of $500.00 and to serve not more than three (3) nor less than one (1) year in the State penitentiary. The Public Defender has seasonably appealed and filed a brief in his behalf.

The Attorney General in answer has filed a brief and concedes that the evidence in this case preponderates against the guilt of the plaintiff in error. We have carefully read the record and are in agreement with the conclusion of the Attorney General.

The record shows that on August 14, 1962, Duke, who was a white man about 42 years old, visited a reputable doctor in Nashville and told this doctor that he was a drug addict and that he was on his way to the Federal Hospital at Lexington, Kentucky, for addicts and requested the doctor to give him a prescription for a vial of Dolophine Solution. This is a narcotic and can be dispensed only upon prescription. This doctor gave the plaintiff in error such a prescription which was filled at a local drug store in Nashville.

Some two days later the plaintiff in error visited another doctor and made a similar complaint to this doctor about being an addict, and this doctor likewise gave him a prescription for this same drug. This prescription was

filled by a different drug store. Then some two or three days later the plaintiff in error went to this same doctor's office again and convinced this doctor through another tale that he had to have this drug again and this doctor again issued him a prescription which was filled by a drug store in the vicinity of Nashville.

Immediately after this last prescription was filled T.B.I. Agents having information that this man was going to contact a certain individual in Nashville observed these two people coming in contact and exchanging "some article". They immediately arrested the plaintiff in error and took from him three bottles containing clear liquid. The plaintiff in error told these officers that these bottles contained a narcotic and that he had purchased them from prescriptions. He gave the officers the names of the drug stores where the prescriptions were filled. The quantity of liquid contained in each of these vials at the time of the arrest does not appear in the record. The vials were sent up and among them one is empty, another is almost empty and the third is almost full. It is not shown in the record what the contents of these bottles are or were by any proof.

One of the T.B.I. Officers testified that the plaintiff in error told him that this man he contacted in Nashville to make this sale told him that if he would furnish the money that he could purchase approximately 200 tablets of one-half grain Morphine from some place in North Georgia near Chattanooga and that then these two would divide the proceeds from the sale of the tablets.

Section 52-1303, T.C.A., upon which this conviction was had does make it unlawful for any person to manufacture, possess or control narcotics or have them in their posses-

sion. But when we go to a Section or two further to sec. 52-1308, in the first paragraph thereof, we find when a physician or dentist in good faith and in his professional practice does prescribe these narcotic drugs and when they are thus prescribed and in the possession of the person for whom they have been prescribed under sec. 52-1312, T.C.A., it is lawful for the person to possess them "in the container in which it was delivered to him by the person selling or dispensing the same."

Thus under this record there is no showing in the first place what these three vials or little bottles that this man possessed contained. In the second place, it is shown by the preponderance of the evidence that whatever it was had been prescribed by a physican and the drug store honored these prescriptions and filled them. The clear inference under this record is that these three vials which this man had were the same containers in which they were sold to him by these drug stores. Thus it is that under this proof as it now stands the violation of the Section under which he was convicted of possessing is satisfied by the fact that the drugs which he possessed were lawfully in his possession through these prescriptions and in the containers in which they were given him when he purchased the drugs. Thus it is, this being true, there is no violation of the statute.

The record being as it is, it becomes our duty to reverse and remand the case to the Criminal Court of Davidson County where, if the District Attorney General isn't in a position to offer the necessary proof to convict under this statute, he should nolle the case. The case is therefore reversed and remanded.